FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 NOV 30 PM 4: 04

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY REGINALD PEEK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV415-218 |
| ) | CR408-221 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Anthony Peek, proceeding *pro se*, challenges the Armed Career Criminal Act ("ACCA") enhancement applied to his 2010 sentence for possession of a firearm by a convicted felon. Doc. 47. Although he used a pre-printed 28 U.S.C. § 2255 form, Peek claims his motion "should be categorized as a [28 U.S.C.] § 2241 Petition for Writ Habeas Corpus." Doc. 49 at 1.

This is not Peek's first stab at post-conviction relief. In September 2012, he also filed a § 2241 petition challenging his ACCA enhancement (though not on the *Johnson*[1] grounds he asserts here). *Peek v. Haynes*,

---

[1] *See Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) (holding that sentencing enhancements imposed under the ACCA's residual clause violate due process).

No. CV212-155, doc. 1 (S.D. Ga. Dec. 14, 2012) ("*Peek I*"). This Court ultimately denied relief because his claims were cognizable under § 2255 (which precluded use of § 2241), and because they failed to state a claim. *See Peek I*, doc. 11 at 5-6. In doing so, the Court explained, in some detail, the difference between sections 2241 and 2255 and why Peek's claims belonged in the latter. *Id.* at 2-5.

Now, the Court finds itself staring at another Peek post-conviction petition that again attempts to shoehorn § 2255 claims into § 2241.[2] That won't work today any more than it worked three years ago. *See Peek I*, doc. 11 at 2-6 (explaining why challenges to an ACCA enhancement must be advanced in a § 2255 motion). Peek's complaint must "be categorized" as a § 2255 motion, not a § 2241 petition.

---

[2] Peek's sole ground for relief, in its entirety:

> Petitioner complains that following . . . *Johnson v. United States* . . . Petitioner no longer qualifies as an Armed Career Criminal, and is therefore actually innocent of his current Armed Career Criminal sentence and conviction, inasmuch as his prior convictions for non-generic burglaries, relied upon in enhancing his Armed Career Criminal Sentence under the residual clause, can no longer be relied upon to sustain the underlying Armed Career Criminal sentence without violating the Fifth Amendment.

Doc. 1 at 4. Nothing about that claim makes § 2255 "inadequate or ineffective to test the legality of [Peek's] detention." 28 U.S.C. § 2255(e). If *Johnson* applies retroactively (an undecided matter in this context), Peek's claim fits nicely within § 2255's confines whether or not it ultimately succeeds on its merits.

That said, the Court has never before informed Peek of the consequences of recharacterization. Accordingly, the Court issues the following *Castro*[3] warning:

> **Within 30 days from the date this Order is served, the Court will re-characterize your motion (doc. 1) as one falling under 28 U.S.C. § 2255. If you choose to proceed, you will lose your ability to file any successive motion on this same matter without first seeking permission to do so from the Eleventh Circuit. Any second or successive motion will be subject to the restrictive conditions set forth in 28 U.S.C. § 2244(b)(2), conditions which do not apply to a *first* § 2255 motion.**
>
> **You may: (1) have your motion ruled upon as filed; (2) amend it (or replace it outright) to include any other claims; or (3) withdraw it entirely. You have thirty days to decide what you want to do. If you do not thereafter affirm, supplement, or replace your original motion or notify this Court of your intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion.**

The Clerk is **DIRECTED** to attach to Peek's service copy of this Order this Court's standard form 28 U.S.C. § 2255 motion. He may use that form to set out, in one document, all of his claims for § 2255 relief,

---

[3] *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion . . . [it] must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.").

or he may simply rely on his original motion (which the Court now re-characterizes as a § 2255 motion). Again, Peek should present *all* of his claims for § 2255 relief at this point, as second or successive § 2255 petitions have little chance of success. Any response he makes must be placed within his prison's mail system (and he must declare that he has done so under penalty of perjury, per 28 U.S.C. § 1746).

**SO ORDERED**, this 30th day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA